IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALBERT BLOCK, JR. | § | |
| | § | |
| v. | § | 1-18-CV-386-LY |
| | § | |
| TEXAS BOARD OF LAW EXAMINERS | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court are Defendant's Motion to Dismiss (Dkt. No. 5); Plaintiff's Response (Dkt. No. 6); Defendant's Reply's (Dkt. No. 9); Plaintiff's Motion for Oral Hearing (Dkt. No. 7); and Defendant's Response (Dkt. No. 10). The District Court referred the motion to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Court Rules.

**I. BACKGROUND**

On May 8, 2018, Plaintiff Albert Block, Jr. filed this suit against the Texas Board of Law Examiners ("TBLE"). Block, an attorney licensed by the State of Louisiana, claims that he has suffered and continues to suffer from a number of physical conditions and ailments—including, without limitation, chronic fatigue and severe osteoarthritis—which since 2002 have impacted and impaired his activities of daily living and limited his ability to practice as an attorney. Block claims that his disability is recognized by the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act. Block submitted a request to TBLE on or around May 2017 to obtain a waiver of the active-practice requirement for admission to the State Bar of Texas by motion without examination due to his alleged disabilities. This suit flows from TBLE's denial of Block's request

to waive the criteria for admission to the State Bar of Texas without examination. As an applicant authorized to practice law in another state, Block was required to meet the criteria in Rule 13 § 1 of the Rules of the Supreme Court Governing Admission to the Bar of Texas without examination. Rule 13 § 1 states:

> An Applicant who is authorized to practice law in another state must meet the requirements imposed on any other Applicant under these Rules, except that the Applicant is exempt from the requirement of successfully completing the Texas Bar Examination if the Applicant: (a) has been actively and substantially engaged in the lawful practice of law as the Applicant's principal business or occupation for at least five of the last seven years immediately preceding the filing of the Application; (b) has a J.D. degree from an approved law school; and (c) has not failed the Texas Bar Examination.

On June 23, 2017, a three-member panel of the TBLE held a hearing on Block's request to waive the active-practice requirement. The panel recommended a denial of the request because Block had previously failed the Texas bar exam in July 2015 and February 2016, less than five years prior to his application for a waiver, and because he had not practiced law since 2004.

Block then brought this suit against TBLE alleging violations of the ADA, Rehabilitation Act, and Equal Protection Clause of the Fourteenth Amendment to the United States Constitution with respect to TBLE's denial of his request to waive the active-practice requirement. Block also brings claims under the ADA and Rehabilitation Act alleging that TBLE retaliated against him for requesting the waiver by filing a complaint against him for the unauthorized practice of law. Block claims that the third criteria of Rule 13 § 1 is a "clear violation of the prohibition against discrimination against disabled individuals who but for the inflexible requirement of being actively and substantially engaged in the law [sic] practice of law as your principal business or occupation for at least 5 of the 7 years immediately preceding your application would qualify." (Dkt. No. 6 at

2). Block seeks declaratory and injunctive relief against TBLE as well as damages for lost income and retaliation. TBLE seeks dismissal, under both Rule 12(b)(1) and Rule 12(b)(6), primarily on sovereign immunity grounds.

## II. ANALYSIS

### A.     Rule 12(b)(1) Standard of Review

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may challenge the subject matter jurisdiction of the district court. *See* FED. R. CIV. P. 12(b)(1); *Rodriguez v. Texas Comm'n on the Arts*, 992 F.Supp. 876, 878 (N.D. Tex. 1998), *aff'd*, 199 F.3d 279 (5th Cir. 2000). Where a defendant attacks jurisdiction based solely on the allegations of the complaint, as here, the plaintiff's factual allegations are presumed to be true. *O'Rourke v. United States*, 298 F.Supp.2d 531, 534 (E.D. Tex. 2004); *Rodriguez*, 992 F.Supp. at 878. Dismissal for lack of subject matter jurisdiction is appropriate when the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Warnock v. Pecos County, Tex.*, 88 F.3d 341, 343 (5th Cir. 1996); *O'Rourke*, 298 F.Supp.2d at 534. When a Rule 12(b)(1) motion challenges the complaint on its face, without reference to extraneous facts, courts analyze the pleadings under the same standard as a motion to dismiss under Rule 12(b)(6). *Home Builders Ass'n of Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998); *Doe v. Myspace*, 528 F.3d 413, 418 (5th Cir. 2008). Where a state's sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity must be dismissed only under Rule 12(b)(1) and not with prejudice. *Warnock*, 88 F.3d at 343.[1] When a Rule 12(b)(1)

---

[1] A state's Eleventh Amendment immunity is jurisdictional in character. *See Watson v. Texas*, 261 F.3d 436, 440 n.5 (5th Cir. 2001).

motion is filed with a Rule 12(b)(6) motion, the court should consider the jurisdictional attack before addressing the 12(b)(6) motion. *Rodriguez*, 992 F.Supp. at 879.

**B.      Rule 12(b)(6) Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted), *cert. denied*, 552 U.S. 1182 (2008). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Id.* The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

**C.      Eleventh Amendment Immunity**

The Eleventh Amendment renders States immune from any suit in law or equity brought by a State's own citizen against the State without its consent. *Tenn. v. Lane*, 124 S.Ct. 1978, 1985 (2004). Thus, the Eleventh Amendment bars suit in federal court against a state or state entity, as opposed to a state official, regardless of whether money damages or injunctive relief is sought. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100-02 (1984); *Briggs v. Miss.*, 331 F.3d

499, 503 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 1070 (2004). A State's Eleventh Amendment immunity extends to any state agency or entity deemed an "alter ego" or "arm" of the state. *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). It is undisputed here that TBLE is an "arm" of the State of Texas. TBLE is entrusted with determining "the eligibility of candidates for examination for a license to practice law" in Texas. TEX. GOV'T CODE ANN. § 82.004. Moreover, TBLE acts under the instructions of the Texas Supreme Court. *Id*. As such, the Eleventh Amendment bars Plaintiff's suit against TBLE unless Congress clearly and validly abrogated its sovereign immunity in enacting Title II and Title V of the ADA and § 504 of the Rehabilitation Act.

### 1. Title II

Congress may abrogate state sovereign immunity when it both unequivocally intends to do so and, in its abrogation, acts pursuant to a valid grant of constitutional authority. *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001); *Reickenbacker v. Foster*, 274 F.3d 974, 977 (5th Cir. 2001). Both the ADA and the Rehabilitation Act contain unequivocal statements of congressional intent to abrogate the sovereign immunity of the individual States. 42 U.S.C. § 12202; 42 U.S.C. § 2000d-7(a)(1); *Reickenbacker*, 274 F.3d at 977. The question therefore is whether Congress acted pursuant to a valid grant of constitutional authority. *Lane*, 124 S.Ct. at 1985. Congress can abrogate a state's sovereign immunity when it does so pursuant to a valid exercise of its power under § 5 of the Fourteenth Amendment to enforce the substantive guarantees of the Fourteenth Amendment. *Lane*, 124 S.Ct at 1985. Regarding Title II, in *Lane*, a class of paraplegics alleged that Tennessee had denied them physical access to the state's courts in violation of Title II

5

of the ADA.[2] The Court upheld Title II as a valid exercise of Congress' § 5 authority under the Fourteenth Amendment as applicable to cases implicating the fundamental right of access to the courts. *Lane*, 124 S.Ct. at 1994. In reaching its conclusion, the Supreme Court made abundantly clear that its holding was limited to cases involving the fundamental right of access to the courts:

> Petitioner urges us both to examine the broad range of Title II's applications all at once, and to treat that breadth as a mark of the law's invalidity. . . . Whatever might be said about Title II's other applications, the question presented in this case is not whether Congress can validly subject the States to private suits for money damages for failing to provide reasonable access to hockey rinks, or even to voting booths, but whether Congress had the power under § 5 to enforce the *constitutional* right of access to the courts. Because we find that Title II unquestionably is valid § 5 legislation *as it applies to the class of cases implicating the accessibility of judicial services*, we need go no further. *Id*. (emphasis added).

*Lane*, 124 S.Ct. at 1992-93. This holding is founded squarely on the *source* of the plaintiffs' encroached rights. The Court found that the First Amendment, the Due Process Clause of the Fourteenth Amendment, and the Confrontation Clause of the Sixth Amendment, as applied to the States via the Fourteenth Amendment, all guarantee and protect, in one form or another, an individual's right of access to the courts. *Lane*, 124 S.Ct. at 1988. In light of the constitutional (and thus fundamental) nature of this right, the *Lane* Court found that access to the courts was an appropriate area for § 5 "prophylactic legislation." *Id*. at 1992.

---

[2]Title II of the ADA provides, in relevant part:

> [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132.

In the instant case, Plaintiff has not demonstrated that TBLE's refusal to grant a waiver for admittance to the bar without examination amounts to a deprivation of a fundamental right akin to the one implicated in *Lane*. This Court's research indicates that every court that has addressed the issue has concluded that the practice of law is not a fundamental right. For example, in *Tolchin v. Supreme Court of the State of N.J.*, 111 F.3d 1099, 1114 (3rd Cir. 1997), *cert. denied*, 522 U.S. 977 (1997), the court stated that "[t]he Supreme Court has indicated that the right to practice law is not a fundamental right for the purposes of the Fourteenth Amendment. . . . Moreover, we have flatly rejected the argument that the practice of law is a fundamental right protected by the Equal Protection Clause" (citations omitted).[3] Courts within this District—most recently in *Glueck*—have

---

[3] *See also Kirkpatrick v. Shaw*, 70 F.3d 100, 103 (11th Cir. 1995) ("The right to practice law is not a fundamental right"); *Younger v. Colo. State Bd. of Law Exam'rs*, 625 F.2d 372, 377 n.3 (10th Cir. 1980) ("We do not feel that entry into law practice is a 'fundamental right'"); *Lombardi v. Tauro*, 470 F.2d 798, 800 n.4 (1st Cir. 1972), *cert. denied*, 412 U.S. 919 (1973) ("Appellant urges us to hold that the pursuit of one's chosen occupation is a 'fundamental right' . . . we are most hesitant to expand the category of 'fundamental rights' beyond those which clearly have a constitutional underpinning"); *Leclerc v. Webb*, 270 F.Supp.2d 779, 798 (E.D. La. 2003) (finding no constitutional right to admission to a state's bar); *Verner v. State of Colo.*, 533 F.Supp. 1109, 1116 (D. Colo. 1982), *cert. denied*, 466 U.S. 960 (1984) ("A person's 'right' or 'privilege' in the practice of law, however, has never been among those held to be 'fundamental' so only minimal scrutiny under the rational basis test is required to evaluate claims of deprivation of such a 'right' without due process"); *Potter v. N.J. Supreme Court*, 403 F.Supp. 1036, 1038 (D.N.J. 1975), *aff'd*, 546 F.2d 418 (3rd Cir. 1976) (there is no fundamental right to practice law); *Huffman v. Mont. Supreme Court*, 372 F.Supp. 1175, 1177 (D. Mont. 1974), *aff'd*, 419 U.S. 955 (1974) ("The authority to practice law is not a fundamental right such as the right to the freedom of speech, the right to vote or the right of interstate travel").

The Supreme Court has held that a person denied admission to a state bar is entitled to procedural due process before denial, but in doing so it did not conclude that the practice of law is a fundamental right. *Willner v. Comm. on Character and Fitness*, 373 U.S. 96, 102 (1963) ("[T]he requirements of procedural due process must be met before a State can exclude a person from practicing law"); *Schware v. Bd. of Bar Exam'rs of the State of N.M.*, 353 U.S. 232, 238-39 (1957) ("A State cannot exclude a person from the practice of law or from any other occupation in a manner or for reasons that contravene the Due Process or Equal Protection Clause of the Fourteenth Amendment").

also concluded that there is no authority that indicates the right to practice law is a fundamental right. *Glueck v. Nat'l Conference of Bar Exam'rs, et al.*, 2017 WL 5147619, at *5 (W.D. Tex. Nov. 3, 2017). The undersigned reached the same conclusion in *Simmang v. Tex. Bd. of Law Exam'rs*, 346 F.Supp. 2d 874, 883 (W.D. Tex. Sept. 15, 2004). Thus, the Court finds that the accommodation obligation imposed by Title II, as it relates to non-fundamental rights, exceeds that imposed by the Constitution and is not a valid abrogation of state sovereign immunity. Therefore, TBLE is entitled to Eleventh Amendment immunity from claims under Title II.

    **2.    Title V**

TBLE argues that Plaintiff's Title V claim should also be dismissed under the principle of sovereign immunity. TBLE argues that Plaintiff's Title V claim, like its Title II claim, is barred by sovereign immunity because it is based on an underlying ADA discrimination claim from which the state is immune. The Eastern District of Texas recently held, in a decision affirmed by the Fifth Circuit, that the Eleventh Amendment precluded a Title V ADA claim where the plaintiff did not state a viable Title II claim on which the Title V claim was based. *Dottin v. Tex. Dep't of Criminal Justice*, 2014 WL 11498078, at *10 (E.D. Tex. Nov. 25, 2014), *aff'd*, 627 F. App'x 397 (5th Cir. 2015). The Fifth Circuit stated in that case:

> Title V itself does not abrogate a state's sovereign immunity. Instead, a plaintiff may bring a retaliation claim against a state entity only to the extent that the underlying claim of discrimination effectively abrogates sovereign immunity of the particular state.

*Dottin*, 627 F. App'x at 398. Because Congress cannot validly abrogate the State's sovereign immunity from ADA claims based on Title II, Block's Title V claim is also barred. Thus, TBLE is entitled to sovereign immunity from Plaintiff's Title V ADA claim.

### 3. Rehabilitation Act

Block also argues that Eleventh Amendment immunity is abrogated for claims under the Rehabilitation Act. The statute in question is 42 U.S.C. § 2000d-7, which states:

> A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 . . . or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance.

42 U.S.C. § 2000d-7. Congress implemented this provision in order to demonstrate to state agencies that eligibility for federal financial assistance is conditional upon waiver of Eleventh Amendment immunity to discrimination suits under the identified statutes. *Thomas v. Univ. of Hous.*, 155 Fed.Appx. 115, 117 (5th Cir. 2005). The Fifth Circuit has held that a state "waive[s] Eleventh Amendment immunity from suit under § 504 by accepting federal funds under such circumstances [the express conditions of 42 U.S.C. § 2000d-7]." *Id.* at 118. The Fifth Circuit's holding on this issue aligns with the decisions of other circuits. The Fifth Circuit stated in *Miller*:

> We agree with the four circuit courts that have addressed this issue and concluded that, if the involved state agency or department accepts federal financial assistance, it waives its Eleventh Amendment immunity even though the federal funds are not earmarked for programs that further the anti-discrimination goals of § 504.

*Miller v. Tex. Tech Univ. Health Sciences Ctr.*, 421 F.3d 342, 349 (5th Cir. 2005). TBLE argues that Block has failed to plead facts in his Complaint to show that TBLE receives federal financial assistance for its admission without examination program or that he was an intended beneficiary of any purported federal assistance. The Court agrees. The Complaint is silent on the issue, and Block offers only a conclusory statement in his response that TBLE has waived its immunity by receiving federal funds. He provides no *facts* to allow the Court to conclude that TBLE has waived its

sovereign immunity as a result of the language under § 2000d-7. Block's vague assertion is insufficient to "state a claim to relief that is plausible on its face." *Ashcroft*, 129 S. Ct. at 1949.

**D.    Fourteenth Amendment Claims**

Block also brings Equal Protection and Due Process Claims under the Fourteenth Amendment. TBLE is immune from both claims. As TBLE argues, the vehicle for arguing Block's constitutional guarantees is 42 U.S.C. § 1983. "Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). Congress, however, did not abrogate the state's Eleventh Amendment immunity by enacting § 1983. *Aguilar v. Tex. Dept. of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998); *Quern v. Jordan*, 440 U.S. 332, 338 n.7 (1979). Here, Texas has not consented to this suit. Thus, the Eleventh Amendment bars these claims. *Ex Parte Young*, recognized an exception to Eleventh Amendment immunity in 1983 cases. *Ex Parte Young*, 209 U.S. 123, 128 (1908). To meet the *Ex Parte Young* exception, however, a plaintiff's suit alleging a violation of federal law must be brought against individual persons in their official capacities as agents of the state, and the relief sought must be declaratory or injunctive in nature and prospective in effect. *Saltz v. Tenn. Dep't of Emp't Sec.*, 976 F.2d 966, 968 (5th Cir. 1992). Here, Block only brings claims against the TBLE and has not sued any individuals. Thus, the *Ex Parte Young* exception to Eleventh Amendment immunity is inapplicable and Block's Equal Protection and Due Process Claims are barred by the Eleventh Amendment.

## III. RECOMMENDATION

In accordance with the foregoing discussion, the Court **RECOMMENDS** that the District Court **GRANT** Defendant TBLE's Motion to Dismiss (Dkt. No. 12) and **DENY AS MOOT** Plaintiff's Motion for Oral Hearing (Dkt. No. 7).

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 1st day of February, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE