# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

April 01, 2020

Ms. Jeannette Clack
Western District of Texas, Austin
United States District Court
501 W. 5th Street
Austin, TX 78701-0000

    No. 19-50286    Albert Block, Jr. v. Texas Board of Law
                             Examiners
                             USDC No. 1:18-CV-386

Dear Ms. Clack,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                             Sincerely,

                             LYLE W. CAYCE, Clerk

                             By: _____
                             Casey A. Sullivan, Deputy Clerk
                             504-310-7642

cc w/encl:
    Mr. Albert W. Block Jr.
    Ms. Summer Rayne Lee

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50286

D.C. Docket No. 1:18-CV-386

United States Court of Appeals
Fifth Circuit
**FILED**
March 10, 2020
Lyle W. Cayce
Clerk

ALBERT W. BLOCK, JR.,

    Plaintiff - Appellant

v.

TEXAS BOARD OF LAW EXAMINERS,

    Defendant - Appellee

Appeals from the United States District Court for the
Western District of Texas

Before DAVIS, SMITH, and STEWART, Circuit Judges.

## J U D G M E N T

This cause was considered on the record on appeal and was argued by counsel.

It is ordered and adjudged that the judgment of the District Court is affirmed.

IT IS FURTHER ORDERED that plaintiff-appellant pay to defendant-appellee the costs on appeal to be taxed by the Clerk of this Court.



Certified as a true copy and issued
as the mandate on Apr 01, 2020

Attest: *Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**FILED**
March 10, 2020
Lyle W. Cayce
Clerk

No. 19-50286

ALBERT W. BLOCK, JR.,

    Plaintiff - Appellant

v.

TEXAS BOARD OF LAW EXAMINERS,

    Defendant - Appellee

---

Appeals from the United States District Court
for the Western District of Texas

---

Before DAVIS, SMITH, and STEWART, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

    Out-of-state lawyers can be admitted to the State Bar of Texas without taking the Texas bar exam if, among other things, they have actively practiced law for at least five of the last seven years. Albert Block, Jr., a licensed Louisiana lawyer, sued the Texas Board of Law Examiners for its refusal to waive that requirement to accommodate his disability. Block appeals the district court's dismissal of his claims as barred by sovereign immunity.

    The district court held "that the accommodation obligation imposed by Title II" of the Americans with Disabilities Act ("ADA")—at least "as it relates to non-fundamental rights"—"exceeds that imposed by the Constitution and is not a valid abrogation of state sovereign immunity." But because Block did not

Case: 19-50286    Document: 00515367899    Page: 2    Date Filed: 04/01/2020
Case 1:18-cv-00386-LY    Document 24    Filed 04/01/20    Page 4 of 10

No. 19-50286

allege any conduct that violates Title II, we AFFIRM the dismissal of his claims under the first prong of *United States v. Georgia,* and do not reach the issue relied on by the district court. However, because Block's claims should have been dismissed *without* prejudice, we modify the district court's judgment from a dismissal with prejudice to a dismissal without prejudice.

## I. Background

Albert Block, Jr. practiced law in Louisiana from 1977 until 2004, when his disability[1] forced him to stop. Over ten years later, Block sought admission to the State Bar of Texas. Licensed lawyers can be admitted without taking the Texas bar exam if they (1) have actively practiced law for at least five of the last seven years (the "active practice requirement"); (2) have a J.D. from an approved law school; and (3) have not previously failed the Texas bar exam. Block decided to sit for the bar exam because, he says, he was told there would be no waiver of the active practice requirement for a disabled applicant.

Block failed the Texas bar exam in July 2015 and again in February 2016. Then, in May 2017, Block applied for admission without examination to the Texas bar, explaining that his disability prevented him from satisfying the active practice requirement. Because Block "recently failed the bar exam twice" and "ha[d] not practiced law since 2004," the Texas Board of Law Examiners ("TBLE") denied his application.

Block sued TBLE, alleging that the active practice requirement—and TBLE's refusal to waive it for him—violate the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and the Equal Protection Clause. He also alleged that TBLE retaliated against him for requesting the waiver by filing a complaint against him for the unauthorized practice of law.

---

[1] Block alleges that he suffers from chronic fatigue, severe osteoarthritis, and a host of physical conditions and ailments resulting from chemotherapy and radiation treatment for Stage 4 esophageal cancer.

2

Case: 19-50286 Document: 00515367899 Page: 3 Date Filed: 04/01/2020
Case 1:18-cv-00386-LY Document 24 Filed 04/01/20 Page 5 of 10

No. 19-50286

TBLE moved to dismiss Block's complaint under Rules 12(b)(1) and (6). The district court adopted the magistrate judge's report and recommendation and dismissed Block's claims. Specifically, the court found that (1) Title II of the ADA does not validly abrogate states' sovereign immunity "as it relates to non-fundamental rights"; (2) Block did not plead that TBLE waived its immunity under the Rehabilitation Act by accepting federal funds; and (3) the *Ex parte Young* exception did not apply to Block's Fourteenth Amendment claims.

## II. Discussion

We review de novo a Rule 12(b)(1) dismissal based on sovereign immunity,[2] applying the same standard as the district court. "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."[3]

### A. ADA Title II Claims

Under the Eleventh Amendment, federal courts lack jurisdiction over suits against nonconsenting states. Congress can abrogate this immunity if it (1) "makes its intention to abrogate unmistakably clear in the language of the statute" and (2) "acts pursuant to a valid exercise of its power under § 5 of the Fourteenth Amendment."[4] Here, the first prong is easy: Congress expressly declared that states "shall not be immune" from suit for a violation of the ADA.[5] The second—whether Congress's purported abrogation was a valid exercise of its § 5 power—is more complicated.

Section 5 legislation that targets facially constitutional conduct is valid only if it demonstrates "a congruence and proportionality between the injury

---

[2] *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 240 (5th Cir. 2005).
[3] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[4] *Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 726 (2003).
[5] 42 U.S.C. § 12202.

Case: 19-50286　　Document: 00515367899　　Page: 4　　Date Filed: 04/01/2020
Case 1:18-cv-00386-LY   Document 24   Filed 04/01/20   Page 6 of 10

No. 19-50286

to be prevented or remedied and the means adopted to that end."[6] In *Reickenbacker v. Foster*, we held that Title II of the ADA, as a whole, fails that test.[7] But three years later, the Supreme Court held that Title II *is* congruent and proportional—and *does* validly abrogate states' sovereign immunity—in "cases implicating the fundamental right of access to the courts."[8] We did not decide whether *Reickenbacker*'s holding remains valid in cases beyond that specific purview.[9]

The Supreme Court changed the Title II abrogation landscape a second time with *United States v. Georgia*.[10] Importantly, the Court established a three-part test for determining whether Title II validly abrogates states' sovereign immunity. A court must determine, on a "claim-by-claim basis":

> (1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid.[11]

Here, the magistrate judge's report and recommendation (adopted by the district court) skipped to Step 3, and held that "the accommodation obligation imposed by Title II, as it relates to non-fundamental rights" like the right to practice law involved here, "exceeds that imposed by the Constitution and is not a valid abrogation of state sovereign immunity." But under *Georgia*, we do

---

[6] *City of Boerne v. Flores*, 521 U.S. 507, 520 (1997).

[7] 274 F.3d 974, 983 (5th Cir. 2001).

[8] *Tennessee v. Lane*, 541 U.S. 509, 533–34 (2004).

[9] *See Pace v. Bogalusa City School Board*, 403 F.3d 272, 277 n.14 (5th Cir. 2005) (en banc) ("The continuing validity of *Reickenbacker* [after *Lane*] is uncertain.") (cleaned up).

[10] *United States v. Georgia*, 546 U.S. 151, 159 (2006).

[11] *Id.* Under *Georgia*, only if a plaintiff has alleged conduct that violates Title II and does not violate the Fourteenth Amendment should a court determine whether Title II is valid § 5 legislation as to that class of conduct. If a plaintiff alleges *no* conduct that violates Title II, the inquiry ends.

Case: 19-50286 Document: 00515367899 Page: 5 Date Filed: 04/01/2020
Case 1:18-cv-00386-LY Document 24 Filed 04/01/20 Page 7 of 10

No. 19-50286

not reach that question unless and until it is decided that Block has stated a claim under Title II.[12]

### i.

To establish a prima facie case of discrimination under the ADA, Block must show (1) he is a "qualified individual" under the ADA; (2) he was excluded from participation in, or denied the benefits of, services, programs, or activities for which TBLE is responsible; and (3) the exclusion was by reason of disability.[13] Title II requires public entities to make "reasonable modifications in policies, practices, or procedures" for disabled individuals, unless the entity can show that a modification would "fundamentally alter the nature" of the service or program it offers.[14] A public entity's failure to make a reasonable modification may satisfy the second and third prongs of the prima facie case.[15] Block bears the burden of showing that he requested a modification and that it was reasonable.[16]

Block alleges that TBLE violated Title II by refusing to waive the active practice requirement for admission without examination to the State Bar of

---

[12] Our court has stated it was "unclear" whether *Georgia*'s first step requires a court to determine whether the plaintiff has actually stated a claim under Title II, or merely to identify the conduct she alleges in support of her Title II claim. *Hale v. King*, 642 F.3d 492, 498 (5th Cir. 2011) (per curiam). In practice, though, we have consistently determined whether the plaintiff stated a claim at this stage—*see id.* at 503 (declining to reach *Georgia*'s second and third steps where plaintiff failed to state a claim)—and so have most other circuits. *See, e.g.*, *Toledo v. Sanchez*, 454 F.3d 24, 31 (1st Cir. 2006) (under *Georgia*, "we must first ascertain whether any of the University's alleged conduct states a claim for a violation of Title II"); *Mary Jo C. v. N.Y. State & Local Ret. Sys.*, 707 F.3d 144, 152 (2d Cir. 2013) (same); *Bowers v. NCAA*, 475 F.3d 524, 553 (3d Cir. 2007) (same); *Babcock v. Michigan*, 812 F.3d 531, 535 (6th Cir. 2016) (same); *Guttman v. Khalsa*, 446 F.3d 1027, 1036 (10th Cir. 2006) (same).

[13] *Melton v. Dall. Area Rapid Transit,* 391 F.3d 669, 671–72 (5th Cir. 2004).

[14] 28 C.F.R. § 35.130(b)(1)(7)(i); *Bennett-Nelson v. La. Bd. of Regents*, 431 F.3d 448, 454–55 & nn. 11–12 (5th Cir. 2005).

[15] *See Windham v. Harris Cty., Texas*, 875 F.3d 229, 235 (5th Cir. 2017).

[16] *Reil v. Elec. Data Sys. Corp.*, 99 F.3d 678, 683 (5th Cir. 1996) ("Reasonable accommodation is an element of a *prima facie* case of discrimination under the ADA, and [the plaintiff] bears the burden of proof of reasonableness.") (citation omitted).

Case: 19-50286    Document: 00515367899    Page: 6    Date Filed: 04/01/2020
Case 1:18-cv-00386-LY   Document 24   Filed 04/01/20   Page 8 of 10

No. 19-50286

Texas. But Title II "does not require States to compromise their essential eligibility criteria for public programs"—"[i]t requires only reasonable modifications," and "only when the individual seeking modification is otherwise eligible for the service."[17]

TBLE protects the integrity of its bar by requiring applicants to either pass the Texas bar exam or meet the three requirements for admission without examination.[18] The active practice requirement ensures that applicants have both achieved and *maintained* the skill and knowledge required to practice law in Texas. Waiving it to admit a lawyer who has neither passed the Texas bar exam nor practiced law for thirteen years would not inform TBLE of a vital fact: does Block *currently* have the necessary knowledge and skill to practice law? The modification Block seeks is not a reasonable one.[19]

Because Block has alleged no conduct that violates Title II, TBLE is entitled to Eleventh Amendment immunity.

## B. ADA Title V Claims

With his Title V retaliation claim, Block alleges that TBLE retaliated against him for requesting a waiver of the active practice requirement by filing a complaint against him for the unauthorized practice of law. "Title V itself does not abrogate a state's sovereign immunity. Instead, a plaintiff may bring

---

[17] *Lane*, 541 U.S. at 532 (internal quotation marks omitted).

[18] *See, e.g.*, *Bates v. State Bar of Ariz.*, 433 U.S. 350, 361 (1977) ("[T]he regulation of the bar is at the core of the State's power to protect the public."); *Goldfarb v. Va. State Bar*, 421 U.S. 773, 792 (1975) (recognizing that states "have broad power to establish standards for licensing practitioners and regulating the practice of professions," and "[t]he interest of States in regulating lawyers is especially great").

[19] Even assuming it were reasonable, Block's claim still fails under the first prong. A "qualified individual" is a person with a disability who, "with or without reasonable modifications . . . meets the essential eligibility requirements" for participation in the public entity's program. 42 U.S.C. § 12131; *see also Lane*, 541 U.S. at 532 (Title II requires reasonable modifications only when the person seeking them "is otherwise eligible for the service"). Recall that admission without examination *also* requires that an applicant have not previously failed the Texas bar exam. Block recently failed it twice. Even with his proposed modification, Block wouldn't be eligible for admission without examination.

Case: 19-50286   Document: 00515367899   Page: 7   Date Filed: 04/01/2020
Case 1:18-cv-00386-LY   Document 24   Filed 04/01/20   Page 9 of 10

No. 19-50286

a retaliation claim against a state entity only to the extent that the underlying claim of discrimination effectively abrogates sovereign immunity of the particular state."[20] Because Block's underlying Title II claim is barred by sovereign immunity, so is his Title V retaliation claim.

### C. Rehabilitation Act Claims

Block also brings discrimination and retaliation claims under the Rehabilitation Act. A state entity waives sovereign immunity under § 504 of the Rehabilitation Act by accepting federal financial assistance.[21] To state a claim under the Rehabilitation Act, "a plaintiff must allege that the specific program or activity with which he or she was involved receives or directly benefits from federal financial assistance."[22] Because Block did not allege that TBLE receives federal funds, the district court did not err in dismissing his Rehabilitation Act claims.[23]

### D. Fourteenth Amendment Claims

Block next argues the district court erred in holding that the *Ex parte Young* exception to Eleventh Amendment immunity does not apply to his Fourteenth Amendment claims. That exception allows a plaintiff to sue individual state officials for prospective relief—a legal fiction that skirts around the Eleventh Amendment. "To fall within the *Ex parte Young* exception to sovereign immunity, however, a plaintiff must name individual state officials as defendants in their official capacities."[24] Because Block sued only

---

[20] *Dottin v. Texas Dep't of Criminal Justice*, 627 F. App'x 397, 398 (5th Cir. 2015) (per curiam).

[21] *Miller v. Tex. Tech Univ. Health Scis. Ctr.*, 421 F.3d 342, 345 (5th Cir. 2005) (en banc).

[22] *Taylor v. City of Shreveport*, 798 F.3d 276, 283 (5th Cir. 2015) (quoting *Lightburn v. Cnty. Of El Paso, Tex.*, 118 F.3d 421, 427 (5th Cir. 1997)).

[23] TBLE maintains that it is funded solely by application fees and receives no federal funds. *See* TEX. GOV'T CODE §§ 82.033, 82.034.

[24] *Raj v. Louisiana State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013).

Case: 19-50286    Document: 00515367899    Page: 8    Date Filed: 04/01/2020
Case 1:18-cv-00386-LY   Document 24   Filed 04/01/20   Page 10 of 10

No. 19-50286

TBLE, and no members in their official capacities, *Ex parte Young* does not apply.[25]

### III. CONCLUSION

Because Block has not alleged conduct that violates Title II (the first step of *Georgia*), we AFFIRM the dismissal of his ADA claims as barred by sovereign immunity, and do not decide whether Congress's purported abrogation was a valid exercise of its power under § 5 of the Fourteenth Amendment. We also AFFIRM the district court's dismissal of Block's Rehabilitation Act and Fourteenth Amendment claims as barred by sovereign immunity. However, because "[c]laims barred by sovereign immunity are dismissed without prejudice, not with prejudice,"[26] we modify the district court's judgment from a dismissal with prejudice to a dismissal without prejudice.

As modified, we AFFIRM the district court's judgment.

---

[25] Block further argues that he should have been allowed to amend his complaint—but he never requested leave from the district court to do so. Instead, he argued the complaint was sufficient in response to TBLE's motion to dismiss and in his objection to the magistrate judge's report and recommendation. "A party who neglects to ask the district court for leave to amend cannot expect to receive such dispensation from the court of appeals." *U.S. ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 387 (5th Cir. 2003).

[26] *United States v. $4,480,466.16 in Funds Seized from Bank of Am. Account Ending in 2653*, 942 F.3d 655, 666 (5th Cir. 2019).